U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUL 0 5 2006

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 06-10008-01 |
|---|---|
| -vs- | JUDGE DRELL |
| ROBERT W. BROWN | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING ON MOTION TO DISMISS

Before the court is a motion to dismiss the indictment [Doc. #22] filed by defendant Robert W. Brown ("Brown"). Plaintiff, the United States of America ("government"), opposed Brown's motion [Doc. #26]. Brown subsequently responded to the government's opposition [Doc. #27]. A hearing was held on July 5, 2006. Considering the evidence, arguments, and briefs of counsel, and for the reasons set forth below, the defendant's motion to dismiss will be GRANTED.

## BACKGROUND

The indictment returned on March 23, 2006 [Doc. #1] charged Brown with possession of a firearm by a convicted felon on or about July 23, 2005 in violation of 18 U.S.C. § 922(g)(1). The underlying offense is Brown's 1988 Louisiana state felony conviction for possession of a controlled substance. Brown argues that the indictment against him must be dismissed because the restriction on his right to possess a firearm ended prior to his arrest and therefore he cannot be prosecuted under § 922(g)(1). The government argues that Brown's probation expired on

under § 922(g)(1). The government argues that Brown's probation expired on March 18, 1996, based on a letter from the Louisiana Department of Public Safety and Corrections to Brown dated March 21, 1996. Def.'s Opp., Ex. A. As such, the government believes that Brown was still within the firearm prohibition period upon his arrest.

### DISCUSSION

The Louisiana Constitution provides that "full rights of citizenship shall be restored upon termination of state and federal supervision following conviction for any offense." LA. CONST. art. I, § 20. This restoration of rights is limited by a statute prohibiting an offender from possessing a firearm for ten years from the completion of his sentence. LA. REV. STAT. § 14:95.1(C)(1). In addition, the maximum period of probation under Louisiana state law is five years. LA. CODE CRIM. PROC. art 893(A). Federal courts must look to state law – in this case Louisiana – to determine if a defendant qualifies as a convicted felon for purposes of 18 U.S.C. § 922(g)(1). United States v. Dupaquier, 74 F.3d 615, 618 (5th Cir. 1996).

Brown was originally sentenced to a two-year suspended sentence and was placed on supervisory probation for a two-year period. In a hearing on November 27, 1989, Brown's probation was extended for one year. Thus, his extended probation period would have ended on September 19, 1991. Brown was arrested again in 1993 and 1995, but was released. At a hearing on March 18,

reflect that any further hearing to extend or revoke Brown's probation was ever conducted after November 27, 1989, with the exception of the March 18, 1996 termination hearing.

This Court is tasked with deciding whether Brown was validly within the probationary period with respect to possession of a firearm when he was arrested. In Dupaquier, at the time of his discharge from state prison, the defendant received "an untitled and unsigned document, which he was required to sign, stating that '[t]his does not constitute a full pardon and restoration of citizenship, and this does not entitle you to buy, receive or possess firearms.'" Dupaquier, 74 F.3d at 618. The Fifth Circuit determined, however, that "this document of uncertain provenance" did not limit the restoration of rights provided by the Louisiana Constitution, nor could it extend the ten-year period prohibiting possession of a firearm. Id. Applying this holding to the instant case, we find no limitation on the restoration of Brown's rights, nor do we find an extension of the ten-year period.

The issuance of a warrant for a defendant's arrest or a summons for defendant's appearance can act to suspend the running of the period of probation. LA. CODE CRIM. PROC. art 899(D). Michael Wynne, probation supervisor for the division of probation and parole of the Louisiana Department of Public Safety and Corrections, testified that a probation warrant was requested, and he assumed it issued, prior to the expiration of Brown's probation period. According to

Wynne, this warrant accounted for the long extension of his probation. Upon cross-examination, however, Wynne indicated that there was no record of the date that such a warrant was signed, nor was there a copy in the probation record. This absence was unusual in that probation records normally have them.

Without proof of the existence of such a warrant, no suspension of Brown's probation may be said to have occurred, and his sentence was automatically satisfied once the probationary period elapsed. LA. CODE CRIM. PROC. art 898; State ex rel. Quinlan v. Cain, 562 So. 2d 454, 454-55 (La. 1990); State v. Weysham, 410 So. 2d 1104, 1105 (La. 1982). This occurred, according to the record, in 1991. Accordingly, this Court finds that because Brown did not meet the conditions of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 921(a)(20), the indictment against him for possession of a firearm by a convicted felon must be dismissed.

## CONCLUSION

Based on the foregoing reasoning, the defendant's motion to dismiss the indictment will be GRANTED.

SIGNED on this 5th day of July, 2006, at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE