U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 1 5 2006

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 06-10008-01 |
|---|---|
| -vs- | JUDGE DRELL |
| ROBERT W. BROWN | MAGISTRATE JUDGE KIRK |

### MEMORANDUM RULING ON MOTION FOR RECONSIDERATION

Before the Court is a motion for reconsideration of this Court's ruling dismissing the indictment against defendant Robert W. Brown ("Brown") filed by plaintiff, the United States of America ("government") [Doc. #34]. Brown opposes the government's motion [Doc. ##36, 44]. A hearing was held on August 22, 2006. Considering the evidence, arguments, and briefs of counsel, and for the reasons set forth below, the government's motion for reconsideration will be GRANTED, and the indictment will be reinstated.

### BACKGROUND

This "convoluted tale," as characterized by the government, once again requires the Court to examine the lengthy history behind Brown's interactions with the state probation system.[1] After a hearing on July 5, 2006, we granted Brown's motion to dismiss and dismissed both counts of the indictment against

---

[1] For a complete discussion of the prior procedural history, please consult this Court's Memorandum Ruling of July 5, 2006 [Doc. #32].

him [Doc. #33]. The government subsequently sought reconsideration of this decision. Upon closer examination of the state record, it was able to locate a previously unavailable signed arrest warrant. The government contends that this warrant acted to suspend the running of Brown's period of probation. Brown urges the Court to deny the government's motion and uphold its previous ruling, arguing that no suspension of his probationary period occurred.

## DISCUSSION

Brown's two-year state supervisory probation period, after an extension, would have ended on September 19, 1991.[2] As we have previously observed, the issuance of a warrant for a defendant's arrest or a summons for defendant's appearance can act to suspend the running of the period of probation. LA. CODE CRIM. PROC. art. 899(D). Michael Wynne, probation supervisor for the division of probation and parole of the Louisiana Department of Public Safety and Corrections, testified at both the July 5th and the August 22nd hearings. He was able to further clarify the sequence of events in this case. Wynne indicated that the warrant, which had been absent in the earlier proceeding before this Court, accounted for the long extension of Brown's probation.

---

[2] As previously noted, we look to Louisiana law to determine if a defendant qualifies as a convicted felon for purposes of 18 U.S.C. § 922(g)(1), the statutory basis for the federal indictment. United States v. Dupaquier, 74 F.3d 615, 618 (5th Cir. 1996). See LA. CONST. art. I, § 20 ("[F]ull rights of citizenship shall be restored upon termination of state and federal supervision following conviction for any offense."); LA. REV. STAT. § 14:95.1(C)(1) (limiting state constitutional restoration of rights by prohibiting offender from possessing firearm for ten years from completion of offender's sentence); LA. CODE CRIM. PROC. art. 893(A) (setting five-year maximum probationary period).

Following the August 22, 2006 hearing, the government produced two warrants with accompanying affidavits from 1991, as well as a rule to show cause in state court from 1995 [Doc. #41]. After Brown's 1988 Louisiana state felony conviction for possession of a controlled substance (the underlying offense in this case) he was arrested again in 1994 and 1995, but was released. Probation revocation hearings were set and continued throughout 1995, either because of Brown's failure to appear or in order to give him time to comply with the conditions of his probation and to pay his fine and court costs originally ordered by the court. These proceedings culminated in a hearing before Rapides Parish District Judge George Metoyer on March 18, 1996, in which Brown's probation was terminated unsatisfactorily. The government argues that in light of this chain of events, the probation period was suspended starting in 1991 and continuing until 1996.

Brown points to State v. Phelps, 377 So. 2d 341 (1979), to support his contention that a Louisiana state probationary period is only suspended if the warrant cannot be executed because of some action by the defendant. Here, however, the warrant in question had been issued in 1991, and ongoing court proceedings (though continued multiple times) led up to the termination in 1996. Because the government has now furnished this warrant, we find that it operated to suspend Brown's probation, thus preventing his sentence from being satisfied at the conclusion of the original probationary period. See LA. CODE CRIM. PROC. art.

898. Having examined the record and considered the additional information furnished by the government, this Court finds that the indictment against Brown for possession of a firearm by a convicted felon brought under 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 921(a)(20) must be reinstated.

## CONCLUSION

As indicated, based on the foregoing reasoning, the government's motion to reconsider will be granted, and the indictment against defendant Robert W. Brown [Doc. #1] will be reinstated.

SIGNED on this 14 day of September, 2006, at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE